**Julian McMillan (SBN 241937)**
**McMILLAN LAW GROUP, APC**
4655 Cass Street, Suite 404
San Diego, CA 92109
Phone: 619.795.9430
Fax: 619.241.8291

**Derek A. Soinski (SBN 293747)**
**REDWOOD LAW GROUP, APC**
10136 Rancho Roble Road
Escondido, CA 92026
Phone: 619.947.3677
E-mail: derek@redwoodlawgroup.com

Attorneys for Plaintiff
IVAN H. VACHOVSKY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN H. VACHOVSKY, an individual, Plaintiff, v. MERCEDES-BENZ USA, LLC a Delaware Corporation, Defendant. | Case No.: **'22CV1008 BEN BLM**<br><br>**COMPLAINT FOR DAMAGES**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332, because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiff IVAN H. VACHOVSKY is a citizen of the State of California.

2. This Court further has subject matter jurisdiction over this matter as Plaintiff brings claims under 15 U.S.C. §2310 *et. seq.*

3. This Court further has supplemental jurisdiction pursuant to 15 U.S.C. § 1367 over Plaintiff's state law causes of action as they arise out of the same case or controversy and are intertwined and interrelated.

4. Defendant, MERCEDES-BENZ USA, LLC is a Delaware corporation incorporated in and existing under the laws of the state of Delaware, and having its principal place of business in Sandy Springs, Georgia.

## PARTIES

5. As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff, IVAN H. VACHOVSKY.

6. Defendant MERCEDES-BENZ USA, LLC is and was a Delaware corporation doing business in the County of San Diego, State of California. At all times relevant, Defendant MERCEDES-BENZ USA, LLC was/is engaged in the business of marketing, selling and/or distributing Mercedes-Benz vehicles. ("**Defendant**").

7. All acts of Defendant's corporate employees as alleged were authorized or ratified by an officer, director or managing agent of Defendant.

8. The claims identified in this Complaint arise out of the sale of a vehicle from Mercedes Benz of Long Beach, located in Signal Hill, in the County of Los Angeles, State of California.

# FIRST CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: DEFENDANT'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY 15 U.S.C §2310(d) AND CAL. CIV. CODE §1794

9. On or about December 14, 2021, Plaintiff purchased a 2022 Mercedes-Benz EQS 450, VIN: W1KCG2DB8NA001078 (the "**Vehicle**") which was manufactured, distributed, or sold by Defendant. The total consideration Plaintiff paid for the Vehicle, including taxes and fees was $116,843.09. Plaintiff purchased the Vehicle primarily for personal, family, or household purposes and purchased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

10. In connection with the sale, Plaintiff received an express written warranty in which Defendant undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's representative and the Vehicle would be repaired.

11. On or about December 14, 2021, in connection with the sale of the Vehicle, Defendant represented to Plaintiff, both orally and as clearly written on the Vehicle's window sticker, that the Vehicle was capable of "10-Degree Rear Axle Steering"

12. During the warranty period and upon initial delivery, or *ab initio*, the Vehicle contained or developed a defect indicating that the Vehicle was sold with a non-conforming and inadequate and/or defective rear-wheel steering system, preventing the Vehicle from achieving sufficient turning radii. Plaintiff cannot rely on the Vehicle for normal operation.

13.     Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, the purchase of the Vehicle was accompanied by Defendant's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by Defendant.

14.     The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) the Vehicle is adequately contained, packaged, and labeled; and (4) the Vehicle will conform to the promises or affirmations of fact made on the container or label.

15.     *Ab initio* and prior to about June 30, 2022, with approximately 4,058 miles, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 11 above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

16.     By serving this Complaint, Plaintiff rightfully rejects and/or justifiably revokes acceptance of the Vehicle and exercises his right to cancel the sale. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entirety of the purchase payment. In addition, Plaintiff seeks the remedies set forth in California Civil Code §1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.

17.     Plaintiff was damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

18. Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## SECOND CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: BREACH OF THE IMPLIED WARRANTY OF FITNESS 15 U.S.C. §2310(d) AND CAL. CIV. CODE. § 1794

19. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

20. Defendant is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant's skill or judgment to select or furnish suitable goods.

21. 10-Degree rear axle steering is necessary for Plaintiff's particular purpose and Plaintiff made this fact known to Defendant.

22. Pursuant to 15 U.S.C. § 2301 and pursuant to Cal. Civ. Code. § 1792.1, the purchase of the Vehicle was accompanied by Defendant's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant.

23. *Ab initio* and prior to about June 30, 2022, with approximately 4,058 miles, or during the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated in paragraph 11 above and cannot achieve 10-degree rear axle steering. The existence of each of these defects constitutes breach of the implied warranty because the Vehicle is not fit for Plaintiff's purpose.

24.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code § 1794.

25.     Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of fitness and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

### THIRD CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: BREACH OF EXPRESS WARRANTY 15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794

26.     Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

27.     In accordance with Defendant's warranty, Plaintiff delivered the Vehicle to Defendant's representative in this state to perform warranty repairs. Defendant is unable to repair or correct the Vehicle and it remains defective.

28.     Plaintiff has been damaged by Defendant's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §1794.

29.     Defendant's failure to comply with its obligations under the warranty was willful, in that Defendant and its representatives were aware of their obligations to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. As well, Defendant was aware or reasonably should have been aware of the defect when Plaintiff purchased the Vehicle. Accordingly, Plaintiff is entitled to a civil penalty of two times actual damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

30. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant to thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: FAILURE TO PROMPTLY REPURCHASE PRODUCT 15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1793.2(d)

31. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

32. Defendant and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiff as required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore Plaintiff brings this claim pursuant to § 1794.

33. Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore brings this claim pursuant to § 1794.

34. The provisions of Civil Code § 1793.2(d) existed at the time Defendant gave the express warranty and for that reason those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendant's violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiff brings this claim pursuant to 15 U.S.C. § 2310(d).

35. Defendant's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant and its representative were aware that they were and are unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant failed to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled

to a civil penalty of two times Plaintiff's actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d)

36. Defendant does not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendant's violation of § 1793.2(d) and its notice thereof, Defendant failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

37. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties as provided in § 1794(f).

38. Defendant does not maintain an informal dispute resolution mechanism which complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FIFTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: INTENTIONAL MISREPRESENTATION CAL. CIV. CODES §§ 1709, 1710(1)

39. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

40. On or about December 14, 2021, in connection with the sale of the Vehicle, Defendant represented to Plaintiff, both orally and in writing clearly on the Vehicle's window sticker, that the Vehicle was capable of "10-Degree Rear Axle Steering" (the "**False Representation**").

41. The False Representation was false because the Vehicle is not capable of "10-Degree Rear Axle Steering," but rather significantly, only 4.5-degree rear axle steering.

42. On or about June 30, 2022, Defendant, through its authorized repair facility, Mercedes-Benz of Escondido, in Escondido, California, Defendant stated

in writing to Plaintiff that it "cannot program vehicle to have 10 degree rear wheel steering" because the Vehicle is not equipped with "option code 16."

43. Defendant knew or should have known that the False Representation was false and/or that the Vehicle was not equipped with "option code 16," despite the Vehicle's window sticker stating that the Vehicle was equipped with "10-Degree Rear Axle Steering."

44. Defendant intended for Plaintiff to rely on the False Statement and the Vehicle's specifications as listed on its window sticker when purchasing the Vehicle.

45. Plaintiff justifiably relied on the False Statement.

46. Plaintiff was harmed by his reliance on the False Statement because the Vehicle is unable to perform as necessary to Plaintiff.

47. But for Plaintiff's reliance on the False Statement, Plaintiff would not be harmed.

## SIXTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: NEGLIGENT MISREPRESENTATION CAL. CIV. CODES §§ 1709, 1710(2)

48. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

49. Defendant made the False Statement to Plaintiff, but Defendant had no reasonable basis to believe that the Vehicle could actually achieve "10-Degree Rear Wheel Steering."

50. Defendant intended for Plaintiff to rely on the Vehicle's window sticker and/or the False Statement.

51. Plaintiff justifiably relied on the False Statement, to his own detriment; and, but for Plaintiff's reliance, such detriment would have not been suffered by Defendant.

## SEVENTH CLAIM FOR RELIEF BY PLAINTIFF AGAINST DEFENDANT: CONCEALMENT AND/OR NONDISCLOSURE CAL. CIV. CODES §§ 1709, 1710(3)

52. Plaintiff incorporates by reference the allegations contained in all paragraphs stated above.

53. Defendant intentionally failed to disclose, or otherwise actively suppressed, that the Vehicle was only capable of 4.5-degree rear wheel steering, as opposed to the "10-Degree Rear Wheel Steering," as represented by Defendant on the Vehicle's window sticker.

54. Defendant's intention as described in paragraph 53, was to induce Plaintiff to rely on the False Statement, rather than the true facts as known to Defendant.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

1. For Plaintiff's damages in the amount of at least $116,843.09.
2. For restitution to Plaintiff in the amount of $116,843.09.
3. On Plaintiff's Third Claim for Relief, for a civil penalty in the amount of $233,686.18, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
4. On Plaintiff's Fourth Claim for Relief, for a civil penalty in the amount of $233,686.18, which is two times Plaintiff's damages, pursuant to Civil Code § 1794(c) and (e) and 15 U.S.C. §2310(d).
5. On Plaintiff's Fifth Claim for Relief, Plaintiff's compensatory damages in an amount to be proven at trial.
6. On Plaintiff's Sixth Claim for Relief, Plaintiff's compensatory damages in an amount to be proven at trial.

7. On Plaintiff's Seventh Claim for Relief, Plaintiff's compensatory damages in an amount to be proven at trial.

8. For any consequential and incidental damages.

9. For costs of the suit and Plaintiff's reasonable attorney fees pursuant to Civil Code §1794(d) and 15 U.S.C. § 2310(d).

10. For prejudgment interest at the legal rate.

11. And for such other relief as the Court may deem proper.

Dated: July 12, 2022                          MCMILLAN LAW GROUP, APC

By: /s/Julian McMillan
Julian McMillan, Esq.
Attorney for Plaintiff
IVAN H. VACHOVSKY

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action asserted herein.

Dated: July 12, 2022　　　　　　　　MCMILLAN LAW GROUP, APC

　　　　　　　　　　　　　　　By:　/s/Julian McMillan
　　　　　　　　　　　　　　　　　Julian McMillan, Esq.
　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　IVAN H. VACHOVSKY